EMMA METZGER

*v.*

STATE OF ILLINOIS.

*Opinion filed December 22, 1916.*

INHERITANCE TAX—*facts held sufficient to authorize recovery.* In this claim by reason of the interest of claimant having been determined, the trust created having terminated, award is made accordingly.

SAME—*requirement of appeal from order of County Judge does not apply, when.* The requirement that an appeal from the order of the County Judge fixing the inheritance tax is necessary to secure a refund, does not apply when the happening of events determine the interest of the party occur after the limit within which such appeal may be taken.

SAME—*refund of.* The decision of a superior court holding that a party cannot take property on which tax has been paid is held sufficient to justify award for refund.

Holden & Buzzell, for claimant.

P. J. Lucey, Attorney General, for State.

This claim is filed by Emma Metzger to secure a refund of an inheritance tax which she claims was wrongfully assessed against her in connection with certain estates devised by her father, William Metzger, deceased.

At the death of claimant's father, six children were surviving, and by his last will which was probated in Cook County, Illinois, he devised to each of said children, one-sixth of his estate. It was provided that the one-sixth interest devised to his daughter, Marie Mueller, should be held in trust for her, the trustees appointed in said will be empowered to handle the income of same as they deemed advisable during her life time.

The will further provided that if the said Marie Mueller should die after the testator, leaving child or children or descendants of any deceased child her surviving, then and in that case the surviving child or children, and the descendants of any deceased child should receive the estate held by said trustees. It was also further provided in said will that if the said Marie Mueller should die after the testator, leaving no child or children or descendants of any deceased child her surviving, then the trustees should convey and transfer said trust estate to such of the testator's children and the descendants of any deceased child of his that may then be living; the said children and the descendants of any such deceased child to take per stirpes and not per capita.

Claimant was taxed for one-sixth of the estate devised and bequeathed to her in her own right, and in addition thereto, was taxed

for the value of the reversion in the trust estate devised to Marie Mueller, on the theory that said reversion would eventually become the property of claimant.

The one-sixth interest devised to claimant together with the amount she received as a child's award are as follows:

Child's award .......................................$ 3,000.00
One-sixth interest of estate............................ 67,893.75

This amount less the exemption of $20,000.00 is $50,893.76. One per cent tax on the latter amount would be $508.94, and taking the five per cent discount, amounting to $25.44, the amount that could be taxed to her would be $483.50.

In addition to being taxed on the total valuation of $70,893.76 as hereinabove set forth, claimant was also taxed for $31,827.50, which was the valuation placed on the reversionary interest in the Trust Estate.

By charging claimant as aforesaid, she was compelled to pay a two per cent rate on an estate valued at $102,721.31, less the exemption of $20,000.00. The tax fixed on this amount was $1,654.43; and after deducting five per cent she paid $1,571.71 under protest.

The order of the County Judge fixing this tax was entered on December 11, 1912; claimant did not prosecute an appeal from said order, but later, on July 2, 1913, a bill in equity was filed by Marie Mueller against claimant and others in the Circuit Court of Cook County, asking that the will of William Metzger, deceased, be set aside, and declared null and void. An issue of fact was made up and submitted to a jury as to whether or not the instrument purporting to be the last will of William Metzger, deceased, was in fact his last will. The verdict of the jury was that the instrument in question was not the last will of William Metzger, deceased, and upon this verdict, a decree was entered setting aside said last will. All of the adult defendants including claimant consented to this decree.

As a result of said decree, the estate of William Metzger, deceased, descended to his children according to the Laws of Descent of this State, instead of passing to them under his will, and the trustees who were nominated by the decedent to take charge of the Trust Estate devised to Marie Mueller, turned the said estate over to her as her own absolute property.

Claimant contends that since the will has been set aside, which had the effect of vesting the absolute title of the said Trust Estate in Marie Mueller, she should have a refund for all the tax she was compelled to pay on account of said Trust Estate. Out of the surplus she asks that all money due against the estate of Marie Mueller be deducted, and that the remaining $785.86 be returned to her with interest thereon, at three per cent per annum from January 3, 1911.

It is contended by the State that claimant is not entitled to recover for the following reasons:

First—Claimant did not prosecute an appeal from the decision of the Judge of the County Court of Cook County, to the County Court of Cook County, as required by statute.

Second—Claimant has not pursued the remedy available to her to entitle her to an award.

Third—The decree of the Circuit Court of Cook County setting aside the said will does not have the effect of nullifying the order of the County Judge of Cook County.

It is urged by claimant that the decree setting aside the will of WilliamMetzger, deceased, had the effect of definitely determining the rights of the parties to the different estates left by the decedent, and that it is unjust and inequitable for her to be taxed for an estate in which she has no interest.

We appreciate the fact that claimant was compelled to pay a tax on an estate in which it is now clearly settled that she has no interest, but the proposition we have to consider deals with the authority vested in this Court to grant redress in a claim of this character.

The law is well settled in the State as to a claimant's right to recover a tax that has been unlawfully collected, and it is also well settled as to what is required to be done in order to secure a refund of same.

The only way the action of the County Judge in fixing the tax may be reviewed is by an appeal to the County Court. Par. 378, chap. 120 Hurd's Rev. Stat. 1913, p. 2099.

> "The County Court has jurisdiction to hear and determine all questions in relation to the tax arising under the Inheritance Tax Law, (Par. 379, Chap. 120 Supra) and the County Judge, by order entered, upon a hearing, fixes the tax, and appeals from the decision of such County Judge may be taken to the County Court. Para. 378, Chap. 120, *Supra.*"

Several claims have been presented to this Court, asking for a refund of a tax claimed to have been wrongfully assessed, but unless claimant proceeded in accordance with the statute governing cases of this kind, their claims for awards have been denied.

This case presents a somewhat different statement of facts, in that, the question as to the rights of the respective heirs of William Metzger, deeeased, was definitely determined when a decree was entered setting aside the will of William Metzger, deceased.

While the statute is clear as to what is required of one seeking a refund of a tax erroneously assessed by the County Judge, yet in this case it is our judgment that the method prescribed by the statute was not intended for cases similar to the one before us; in fact, claimant could not follow said method because the order of the County Judge fixing the tax was entered on December 11, 1912, and the bill in equity of Marie Mueller against claimant and others to set aside and have declared null and void the will of William Metzger, deceased, was not filed in the Circuit Court of Cook County, Illinois, until July 2, 1913, which was more than six months after the entering of the order of the County Judge of Cook County, Illinois, fixing said tax and the time of appeal from said order had expired and the will was not set aside until at least six months after the bill in equity was filed, and it was not filed by claimant.

It is evident that by the decision of the Circuit Court declaring the last will and testament of the decedent, void, claimant cannot possibly take the property, that is, the reversionary interest in that originally willed to Marie Mueller as a trust fund. This being the case, it would be a hardship to compel her to lay out the amount of money erroneously assessed against her which she was compelled to pay without any fault on her part.

After allowing the State the amount of tax due it from claimant, and Marie Mueller, we find the excess paid to the State by claimant to amount to $785.86.

We therefore make an award in favor of the claimant for seven hundred eighty-five and 86/100 ($785.86) dollars, with interest thereon at the rate of three per cent per annum from January 3, 1911.